**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

SHAHEEN SHAFII, SR.,

        Plaintiff,

v.                                  CIVIL ACTION NO.   2:26-cv-00226

CITY OF CHARLESTON,
WEST VIRGINIA, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Emergency Motion for Temporary Restraining Order & Memorandum in Support* (Document 4), the *City of Charleston, Amy Shuler Goodwin, and Miles C. Cary, II Motion to Accept Late Filing of Response to Motion for Temporary Restraining Order* (Document 8), the *City of Charleston, Amy Shuler Goodwin, and Miles C. Cary, II Response to Motion for Temporary Restraining Order* (Document 8-1), *Kanawha County Clerk's Office's Motion to Accept Late Filing of Response to Motion for Temporary Restraining Order* (Document 10), and *Defendant Kanawha County Clerk's Office's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), or, in the Alternative, Response in Opposition Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Preliminary Injunction* (Document 11), as well as the *Verified Complaint for Emergency Injunctive & Declaratory Relief*

*Under 42 U.S.C. § 1983 Denial of Ballot Access* (Document 1) and all exhibits.[1]  For the reasons stated herein, the Court finds that the Plaintiff's motion should be denied.

### FACTUAL BACKGROUND

The material facts are not in dispute.   The Plaintiff, Shaheen Shafii, Sr., seeks to run as a 2026 mayoral candidate for the City of Charleston.   He filed this action on March 27, 2026, and named as defendants, the City of Charleston, West Virginia, Amy Goodwin, Mayor of the City of Charleston, Miles Cary, II, City Clerk for the City of Charleston, and the Kanawha County Clerk's Office.   The Plaintiff challenges his exclusion from the ballot for the May 12, 2026 primary election, pursuant to 42 U.S.C. § 1983, as a violation of the First and Fourteenth Amendments.

On January 31, 2026, the statutory deadline for filing,[2] the Plaintiff tendered[3] to UPS[4] a completed Municipal Candidate's Certificate of Announcement, for the office of mayor, to be delivered to the City of Charleston ("City").   Included with his filing was the required filing fee in the form of a check for $1,250.00, drawn on Huntington Bank by Cheryl Caruthers, the

---

[1] This Court issued an order on March 30, 2026, ordering the Defendants to respond to the Plaintiff's motion by 3:00 p.m. on March 31, 2026, and directing the Plaintiff to immediately serve the Defendants with the Order, as well as the complaint, motion, and supporting exhibits to the extent service had not been completed.   However, it appears that the Plaintiff did not receive the Court's order and, as a result, did not serve the Defendants prior to the established deadline.   Defendants, therefore, did not have timely notice of the deadline.   The Court appreciates the filing of the responses by the Defendants despite the confusion surrounding service, and accordingly, accepts the late responses due to good cause shown.

[2] *See* W. Va. Code § 3-5-7(c).

[3] There, however, now appears to be a dispute as to whether the Plaintiff actually delivered his certificate and filing fee on the January 31, 2026, deadline.   In their response, the City Defendants, relying on UPS tracking data, assert that the UPS did not receive the certificate and filing fee until February 2, 2026.   (Resp. at 2, citing Document 8-8.) Given that this issue is not necessary for resolution of the Plaintiff's motion, the Court assumes that the Plaintiff delivered his certificate and filing fee to UPS by the deadline.

[4] The Plaintiff indicates that he chose to deliver his certificate of announcement and check via UPS rather than hand-delivery due to the issuance of a two-year Personal Safety Order by the Kanawha County Circuit Court, prohibiting the "Plaintiff from entering or approaching City Hall."   (Compl. at ¶ 15.)   The City initially questioned the Plaintiff's use of UPS, rather than USPS, as a filing method but ultimately decided to accept the Plaintiff's filing after discussing the matter with Lisa Blake, Senior Elections Specialist at the West Virginia Secretary of State's Office, who confirmed that the filing could be accepted "because UPS tracking confirmed it was 'dropped off on the 31st.'" (Compl. at ¶ 22, quoting Exhibit A.)

2

Plaintiff's duly appointed attorney-in-fact.   The Plaintiff's filing was "received and stamped 'RECEIVED FEB 03 2026 OFFICE OF CITY CLERK' by the City Clerk's office," and the Plaintiff received a filing receipt dated February 3, 2026.   (Compl. at ¶ 18, citing Exhibits C, O.) The Plaintiff also received the official candidate compliance packet and was instructed to file the Ethics Financial Disclosure Statement within 10 days of filing for office, which the Plaintiff timely filed.

The City's bank made an initial attempt to clear the Plaintiff's check on February 6, 2026, and resubmitted it on February 10, 2026.   Due to insufficient funds, the check was returned to the City Treasurer on February 12, 2026.   On February 17, 2026, the Deputy City Clerk, Nikki Smith, emailed the Kanawha County Clerk's Office stating that she had "just been informed that a check from a candidate has bounced" and asked how to proceed.   (Document 1-1, Exhibit T.)   The Kanawha County Clerk's Office responded that the decision was one that "the City can make," but suggested that the City "contact the person and have them issue payment again by cash or money order."[5]   (Document 1-1, Exhibit T.)   Rather than contact the Plaintiff by email or phone, the City mailed a letter providing notice of the returned check on February 19, 2026.[6]   The Plaintiff, however, did not receive the letter until February 26, 2026, two days after the ballot position drawing for the primary election.   As a result, his name was not included in the February 24, 2026 ballot drawing results.[7]

---

[5] The General Counsel for the Secretary of State's Office also sent an email to the City explaining the relevant code sections but clarified that "because this is a municipal election, the decision is ultimately up to the municipality on how to handle this issue."   (Document 1-1, Exhibit U.)

[6] The Plaintiff alleges several anomalies with the mailing of the February 19, 2026 dated notice, including the sender and recipient information appearing only on the undetached green certified mail card, the tracking number not validating in the USPS tracking system, Andrea McClure, the City's Information Systems Coordinator, being the last individual with physical custody of the notice envelope, and postal workers indicating that USPS was never in custody of the notice envelope.

[7] The results of the ballot drawing show Brian Hunt as the sole candidate for Mayor on the Republican ballot and

The letter the Plaintiff received from the City explained that his filing fee was unpaid and that "[a]ll Certificate of Announcements and filing fees were required to be paid not later than January 31, 2026,".   It also noted that the filing instructions provided that "[a] personal check is generally accepted, but if your check is returned for lack of funds, unsigned or does not contain sufficient information, your candidacy will not be certified."  (Document 1-1, Exhibit G.)   On March 5, 2026, the Plaintiff sent a letter to the City offering to have the $1,250 filing fee delivered immediately.   That same day, counsel for the City responded and explained that because the "personal check was returned for insufficient funds to the City of Charleston after the filing deadline of January 31, 2026. . . your candidacy was unable to be certified."[8]  (Document 1-1, Exhibit H.)

The Plaintiff subsequently initiated a FOIA request for documents pertaining to all prior instances where a candidate's filing fee check was returned for insufficient funds.[9]   On March 18, 2026, he received a response to this request that included documents which indicated that a 2026 candidate for Municipal Court Judge, Matthew Smith, had a check returned on January 22, 2026. Documents also included a notice issued by the City Treasurer and dated January 28, 2026, which notified Mr. Smith that his $400 payment had been dishonored and that he had "ten days from the date of this notice to tender payment of" $415, which included a $15 service charge.   (Document 1-1, Exhibit R.)   The Plaintiff did not receive a notice to cure, such as that provided to Mr. Smith.[10]

---

Martec "Tec" Washington and Amy Goodwin as candidates for Mayor on the Democrat ballot.  (Compl. at ¶ 40, citing Exhibit S.)

[8] Counsel for the City also asserted that the Plaintiff created a UPS label on January 31, 2026, but did not deliver his certificate of announcement and check until February 2, 2026.

[9] It is unclear from the record when the Plaintiff filed this request.

[10] In an affidavit, the City Treasurer explained that a cure notice was not issued to the Plaintiff because of the unique nature of the situation involving a returned check for payment made through the City Clerk's Office. (Document 8-5.)   The City Treasurer further indicated that the City Treasurer's Office accidently sent Mr. Smith a cure notice (the standard procedure for other returned checks), due to failing to identify Mr. Smith as a candidate for Municipal Court

4

Mr. Smith tendered payment on February 2, 2026, the next business day after receiving notice, and was subsequently placed on the Democrat ballot for Municipal Court Judge.[11]

The Kanawha County Clerk's Office, the office responsible for distributing ballots for all Kanawha County elections, including the municipal primary election for the City of Charleston, began the process of distributing absentee ballots on March 27, 2026[12], the very day the Plaintiff filed this action.   The Plaintiff seeks a temporary restraining order, pending ruling by the Court, that prohibits the Defendants from finalizing, printing, certifying, or distributing any ballot for the 2026 City of Charleston primary election that does not include his name as a mayoral candidate, as well as any other curative action, if printing and distribution has already occurred.

## STANDARD OF REVIEW

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a temporary restraining order may be issued without notice

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).   A preliminary injunction may be issued "only on notice to the adverse party."   Fed. R. Civ. P. 65(a)(1).   The Defendants have appeared and responded in this matter.[13]

---

Judge.  (*Id.*)

[11] The City Defendants indicate that the City Clerk's Office decided to leave Mr. Smith's candidacy undisturbed due to Mr. Smith receiving and relying on the cure notice received from the City Treasurer's Office.

[12] Additionally, the Board of Ballot Commissioners, which is the office responsible for proofing and printing ballots, began proofing ballots on or about March 1, 2026, and on March 27, 2026, began printing ballots to be distributed to the Kanawha County Clerk's Office.  *See* W. Va. Code § 3-3-11(a); *see also* Election Duties and Responsibilities Quick Reference, https://sos.wv.gov/FormSearch/Elections/Informational/County%20Quick%20Reference.pdf.

[13] Although the Plaintiff frames his motion as one requesting a temporary restraining order, given that the Defendants have received notice and responded, the Court will treat the Plaintiff's request as one for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019) (internal punctuation and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must satisfy all four requirements. *JAK Prods., Inc. v. Bayer*, 616 F. App'x 94, 95 (4th Cir. 2015) (unpublished, per curiam opinion); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *cert. granted, judgment vacated,* 559 U.S. 1089 (2010), and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010). The standard requires the plaintiff "to make a clear showing of likelihood of success on the merits." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292 (4th Cir. 2011) (quotation marks omitted). However, it does not require plaintiffs to establish a certainty of success. *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), *as amended* (Jan. 14, 2020). The final two factors, "assessing the harm to the opposing party and weighing the public interest…merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## DISCUSSION

The Plaintiff seeks an order prohibiting the Defendants from finalizing, printing, or distributing 2026 City of Charleston primary ballots that do not include his name as a candidate for Mayor, or any other curative action if such has already occurred. The Plaintiff argues that he is likely to prevail on his equal protection, due process, and ballot access claims. He further

argues that he is likely to suffer irreparable harm due to his exclusion from the 2026 primary election ballot.   The Plaintiff contends that the balance of equities and public interest weigh in his favor because a temporary restraining order will cause only "a brief delay in printing" and the public has an interest in fair and open elections, as well as the ability to choose among all qualified candidates.   (Document 4 at 13.)   Additionally, the Plaintiff asserts that the *Purcell* principle does not apply because (1) he seeks to restore the status quo, (2) the Defendants, by delaying notification until after the February 24, 2026 ballot drawing, created the last-minute emergency, and (3) that voters will not be confused because "ballots have not yet been distributed."   (*Id.* at 12.)

The City Defendants argue that the Plaintiff is not entitled to the requested relief. Specifically, they contend that the Plaintiff has not demonstrated that he is likely to prevail on any of his claims.   They assert that the Plaintiff has not demonstrated likelihood of success on his equal protection claim because he has not shown that he is similarly situated to Mr. Smith.   They further contend that the Plaintiff has failed to allege a valid ballot access claim because he has not demonstrated that the filing fee requirement burdens a particular class.   The City Defendants argue that the Plaintiff will not prevail on his due process claim because he lacks a property or liberty interest in an elected office.   In addition, they assert that the Plaintiff has failed to comply with Rule 65 by not providing any reason why notice should not be required prior to the issuance of a temporary restraining order.   Defendant Kanawha County Clerk's Office argues that the principles outlined in *Purcell*, *Benisek*, and *Perry* require denial of the Plaintiff's motion given that this action was filed on the date when the printing and distribution of absentee ballots had begun.

To be entitled to a preliminary injunction, the Plaintiff "must. . . demonstrate that the balance of equities and public interest weighs in [his] favor." *Asylum Seeker Advoc. Project v. United States Citizenship and Immigr. Servs.*, 808 F.Supp.3d. 708, 721 (D. Md. 2025). In the context of an election, the Supreme Court in *Purcell v. Gonzalez*, 549 U.S. 1 (2006) has instructed courts to "weigh. . . considerations specific to election cases." 549 U.S. at 4.

The *Purcell* principle instructs against the issuance of a preliminary injunction under the circumstances presented in this case. *See Purcell v. Gonzalez*, 549 U.S. 1 (2006). Under that principle, "federal courts ordinarily should not enjoin a state's election laws in the period close to an election." *Pierce v. North Carolina State Bd. of Elections*, 97 F.4th 194, 226 (4th Cir. 2024) (quoting *Merrill v. Milligan*, 142 S.Ct. 879, 879-80 (2022) (Kavanaugh, J., concurring)). "When an election is close at hand, the rules of the road must be clear and settled. Late judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others." *Id.* (quoting *Milligan*, 142 S.Ct. at 880-81). Among the unanticipated consequences of a "[c]ourt order[] affecting elections" is "voter confusion and consequent incentive to remain away from the polls." *Purcell*, 549 U.S. at 4-5 (2006). Further, "[c]hallenges to the process of state elections that come 'immediately before or immediately after the preparation and printing of ballots [are] particularly disruptive and costly for state governments.'" *Pierce v. North Carolina State Bd. of Elections*, 713 F.Supp.3d 195, 214 (E.D. N.C.), *aff'd*, 97 F.4th 194 (4th Cir. 2024) (quoting *Perry v. Judd*, 471 F.App'x 219, 225 (4th Cir. 2012)).

The relief sought by the Plaintiff is unavailable under the *Purcell* principle because he waited to file this action until key aspects of the election had already begun. Although, the

Plaintiff alleges that he received notice from the City on February 26, 2026, and that distribution of ballots would began on March 27, 2026, (Motion p.1) he failed to file this action earlier, during a time when the Court may have had the opportunity to act, if appropriate.[14]   On that date, the Board of Ballot Commissioners and the Kanawha County Clerk's Office apparently began the process of printing and mailing absentee ballots.   An order by this Court, granting injunctive relief, would disrupt that process and could prove costly and result in the process having to begin all over again.[15]   With the 2026 primary election scheduled on May 12, 2026, a little over a month away, any order by this Court requiring a change in the ballots could cause a delay in the 2026 primary election for the City of Charleson.   Further, because some absentee voters may have already received their ballots, it would particularly cause confusion among those voters, and if the primary election were to be rescheduled, among other voters as well.   Such "voter confusion and disruptive consequences" are exactly what "the *Purcell* principle is designed to avoid."   *Pierce*, 97 F.4th at 227.[16]

Because the 2026 West Virginia primary election is fast approaching and in some aspects, well underway, the Plaintiff is not entitled to a preliminary injunction.   Therefore, the Plaintiff's motion must be denied.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Emergency Motion for Temporary Restraining Order & Memorandum in Support* (Document 4)

---

[14] Although the Plaintiff asserts that the Defendants delayed notice by providing it to him on February 26, 2026, the Plaintiff was also notified that his attempted cure would not be accepted on March 5, 2026, almost a month before filing.

[15]  Not only would the Board of Ballot Commissioners have to reprint ballots with the Plaintiff's name to be distributed by the Kanawha County Clerk's Office, but it also would have to reproof those ballots as well.

[16] The Court declines to address any of the other Winter factors given that the Plaintiff cannot prevail under the merged balance of the equities and public interest factors due to the *Purcell* principle.

be **DENIED**.[17]   The Court further **ORDERS** that the *City of Charleston, Amy Shuler Goodwin, and Miles C. Cary, II Motion to Accept Late Filing of Response to Motion for Temporary Restraining Order* (Document 8) and the *Kanawha County Clerk's Office's Motion to Accept Late Filing of Response to Motion for Temporary Restraining Order* (Document 10) be **GRANTED** and that the *City of Charleston, Amy Shuler Goodwin, and Miles C. Cary, II Response to Motion for Temporary Restraining Order* (Document 8-1) be **FILED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      April 6, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[17] The Court notes that Defendant Kanawha County Clerk's Office's response included a motion to dismiss.  Given the nature of this action, the Court rules only on the Plaintiff's motion and will rule on the motion to dismiss at a later date.