**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

SHAHEEN SHAFII, SR.,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:26-cv-00226

CITY OF CHARLESTON,
WEST VIRGINIA, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Kanawha County Clerk's Office's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), or, in the Alternative, Response in Opposition Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Preliminary Injunction* (Document 11), the *Plaintiff's Consolidated Reply in Opposition to City Defendants' Response to Motion for Temporary Restraining Order (Doc. 8) & County Clerk's Motion to Dismiss (Doc. 11)* (Document 14), the *City of Charleston Defendants' Motion to Dismiss* (Document 18), the *Memorandum in Support of the City of Charleston Defendants' Motion to Dismiss* (Document 18-1), *Defendant Kanawha County Clerk's Office's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 21), the *City of Charleston Defendants' Motion to Dismiss Plaintiff's First Amended Verified Complaint* (Document 23), the *Memorandum in Support of the City of Charleston Defendants' Motion to Dismiss Plaintiff's First Amended Verified Complaint* (Document 24), and the *Plaintiff's Response in Opposition to City Defendants' Motion to Dismiss the First Amended Verified Complaint* (Document 27), as well as the *First Amended Verified*

*Complaint for Emergency Injunctive, Declaratory, & Compensatory Relief Under 42 U.S.C. § 1983* (Document 19) and accompanying exhibits.   For the reasons stated herein, the Court finds that the motions to dismiss should be granted.

## FACTUAL BACKGROUND

The Plaintiff, Shaheen Shafii, Sr., seeks to run as a 2026 mayoral candidate for the City of Charleston.   He filed this action on March 27, 2026, and named as defendants, the City of Charleston, West Virginia, Amy Goodwin,[1] Mayor of the City of Charleston, Miles Cary, II, City Clerk for the City of Charleston, and the Kanawha County Clerk's Office.   The Plaintiff challenges his exclusion from the ballot for the May 12, 2026 primary election, pursuant to 42 U.S.C. § 1983, as a violation of the First and Fourteenth Amendments.

On January 31, 2026, the statutory deadline for filing,[2] the Plaintiff tendered to UPS[3] a completed Municipal Candidate's Certificate of Announcement, for the office of mayor, to be delivered to the City of Charleston ("City").   Included with his filing was the required filing fee in the form of a check for $1,250.00, drawn on Huntington Bank by Cheryl Caruthers, the Plaintiff's duly appointed attorney-in-fact.   The Plaintiff's filing was "received and stamped

---

[1] The Plaintiff named Amy Goodwin for her role in "personally direct[ing] City Homeland Security Director Chad Jones to obtain an intelligence briefing on Plaintiff from Charleston Police Department Assistant Chief Duane Fields," prior to the Plaintiff filing his candidacy for Mayor, and because she "is a direct beneficiary of the ballot access denial."   (Am. Compl. at ¶ 10, 13.)   He further alleges that Defendant Goodwin's Certificate of Announcement for mayor was notarized by Deputy City Clerk Nicole Smith, who is "the same official who weeks later processed and questioned Plaintiff's filing."   (*Id.* at ¶ 10.)

[2] *See* W. Va. Code § 3-5-7(c).

[3] The Plaintiff indicates that he chose to deliver his certificate of announcement and check via UPS rather than hand-delivery due to the issuance of a two-year Personal Safety Order by the Kanawha County Circuit Court, prohibiting the "Plaintiff from entering or approaching City Hall."   (Am. Compl. at ¶ 15.)   The City initially questioned the Plaintiff's use of UPS, rather than USPS, as a filing method but ultimately decided to accept the Plaintiff's filing after discussing the matter with Lisa Blake, Senior Elections Specialist at the West Virginia Secretary of State's Office, who confirmed that the filing could be accepted "because UPS tracking confirmed it was 'dropped off on the 31st.'" (Am. Compl. at ¶ 22, quoting Exhibit A.)

'RECEIVED FEB 03 2026 OFFICE OF CITY CLERK' by the City Clerk's office," and the Plaintiff received a filing receipt dated February 3, 2026.   (Am. Compl. at ¶ 18, citing Exhibits C, O.)   The Plaintiff also received the official candidate compliance packet and was instructed to file the Ethics Financial Disclosure Statement within 10 days of filing for office, which the Plaintiff timely filed.   The City listed the Plaintiff as a mayoral candidate on its website, and "the City's 2026 Election Information webpage publicly identified Plaintiff under 'Candidate Updates' as 'Shaheen Shafii, Sr. (R)' for Mayor."[4]

The City's bank made an initial attempt to clear the Plaintiff's check on February 6, 2026, and resubmitted it on February 10, 2026.   Due to insufficient funds, the check was returned to the City Treasurer on February 12, 2026.   On February 17, 2026, the Deputy City Clerk, Nikki Smith, emailed the Kanawha County Clerk's Office stating that she had "just been informed that a check from a candidate has bounced" and asked how to proceed.   (Document 19-1, Exhibit T.)   The Kanawha County Clerk's Office responded that the decision was one that "the City can make," but suggested that the City "contact the person and have them issue payment again by cash or money order."[5]   (Id.)   Rather than contact the Plaintiff by email or phone,[6] the City mailed a letter providing notice of the returned check on February 19, 2026.[7]   The Plaintiff, however, did

---

[4]  The City removed the Plaintiff's name from its website by April 5, 2026.   (Am. Compl. at ¶ 27.)

[5]  The General Counsel for the Secretary of State's Office also sent an email to the City explaining the relevant code sections but clarified that "because this is a municipal election, the decision is ultimately up to the municipality on how to handle this issue."   (Document 19-1, Exhibit U.)

[6]  The Plaintiff alleges that the City had access to his email and phone number through his Certificate of Announcement and that he had been in contact with Deputy City Clerk Smith and City Staff Attorney Tiffany Redman through phone and/or email.

[7] The Plaintiff alleges several anomalies with the mailing of the February 19, 2026 dated notice, including the sender and recipient information appearing only on the undetached green certified mail card, the tracking number not validating in the USPS tracking system, Andrea McClure, the City's Information Systems Coordinator, being the last individual with physical custody of the notice envelope, and postal workers indicating that USPS was never in custody of the notice envelope.   (Am. Compl. at ¶ 40.)

not receive the letter until February 26, 2026, two days after the ballot position drawing for the primary election.   As a result, his name was not included in the February 24, 2026 ballot drawing results.[8]

The letter the Plaintiff received from the City explained that his filing fee was unpaid and that "[a]ll Certificate of Announcements and filing fees were required to be paid not later than January 31, 2026."   (Document 19-1, Exhibit G.)   It also noted that the filing instructions provided that "[a] personal check is generally accepted, but if your check is returned for lack of funds, unsigned or does not contain sufficient information, your candidacy will not be certified." (*Id.*)   On March 5, 2026, the Plaintiff sent a letter to the City offering to have the $1,250 filing fee delivered immediately.   That same day, counsel for the City responded and explained that because the "personal check was returned for insufficient funds to the City of Charleston after the filing deadline of January 31, 2026. . . your candidacy was unable to be certified."  (Document 19-1, Exhibit H.)

The Plaintiff initiated a FOIA request for documents pertaining to all prior instances where a candidate's filing fee check was returned for insufficient funds.   On March 18, 2026, he received a response to this request that included documents which indicated that a 2026 candidate for Municipal Court Judge, Matthew Smith, had a check returned on January 22, 2026.   Documents also included a notice issued by the City Treasurer and dated January 28, 2026, which notified Mr. Smith that his $400 payment had been dishonored and that he had "ten days from the date of this notice to tender payment of" $415, which included a $15 service charge.   (Document 19-1,

---

[8] The results of the ballot drawing show Brian Hunt as the sole candidate for Mayor on the Republican ballot and Martec "Tec" Washington and Amy Goodwin as candidates for Mayor on the Democrat ballot.  (Document 19-1, Exhibit S.)

4

Exhibit R.)   The Plaintiff did not receive a notice to cure, such as that provided to Mr. Smith.[9] Mr. Smith tendered payment on February 2, 2026, the next business day after receiving notice, and was subsequently placed on the Democratic ballot for Municipal Court Judge.

The Kanawha County Clerk's Office, the office responsible for distributing ballots for all Kanawha County elections, including the municipal primary election for the City of Charleston, began the process of distributing absentee ballots on March 27, 2026[10], the very day the Plaintiff filed this action.   The primary election is set for May 12, 2026, with early voting having begun on April 29, 2026.[11]

On April 6, 2026, this Court issued a *Memorandum Opinion and Order* (Document 12) denying the Plaintiff's request for a preliminary injunction, finding that the *Purcell* principle instructed against the issuance of an injunction given that the election was fast approaching and certain aspects of that election were already underway.   The Court further declined to address Kanawha County Clerk's Office's motion to dismiss when it ruled on the Plaintiff's request for injunctive relief.[12]   After this Court denied the Plaintiff's requested preliminary injunction, the

---

[9] In an affidavit, the City Treasurer explained that a cure notice was not issued to the Plaintiff because of the unique nature of the situation involving a returned check for payment made through the City Clerk's Office. (Document 8-5.)   The City Treasurer further indicated that the City Treasurer's Office accidently sent Mr. Smith a cure notice (the standard procedure for other returned checks), due to failing to identify Mr. Smith as a candidate for Municipal Court Judge.   (*Id.*)   However, the Plaintiff's amended complaint contests the City Treasurer's assertions, claiming that they "confirm[] that the standard cure process existed, was automatically applied to Smith, and was deliberately withheld from Plaintiff on instruction from policymakers."   (Am. Compl. at ¶ 46.)

[10] Additionally, the Board of Ballot Commissioners, which is the office responsible for proofing and printing ballots, began proofing ballots on or about March 1, 2026, and on March 27, 2026, began printing ballots to be distributed to the Kanawha County Clerk's Office.   *See* W. Va. Code § 3-3-11(a); *see also* Election Duties and Responsibilities Quick Reference, https://sos.wv.gov/FormSearch/Elections/Informational/County%20Quick%20Reference.pdf.

[11] *See* 2026 Elections Calendar, West Virginia Secretary of State's Office Elections Division, https://sos.wv.gov/media/467/download?inline=.

[12] The Court specifically declined to address the County's motion to dismiss when ruling on the Plaintiff's motion for injunctive relief given the nature of this action, as well as to provide the Plaintiff an opportunity to appeal this Court's ruling prior to dismissing his claims.

Plaintiff filed a motion for reconsideration on April 7, 2026, which this Court denied the following day after finding that the same legal basis underlying its *Memorandum Opinion* applied.

Thereafter, the Plaintiff filed an amended complaint (Document 19) on April 16, 2026, wherein he included, in addition to his request for injunctive relief, a request for nominal and compensatory damages, as well as pre- and post-judgment interest, attorney's fees, and costs.   The Defendants now seek to dismiss the Plaintiff's amended complaint.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

The Defendants argue that the Plaintiff's present election claim is moot given that the Plaintiff filed this action on March 27, 2026, after certain aspects of the election were and currently are underway.   The Defendants further argue that the "capable of repetition, yet evading review" exception does not apply, contending that this case does not involve a broad challenge against a generally applicable election rule, but rather, highly fact-specific circumstances only applicable to the Plaintiff.   The Defendants argue that even if the Plaintiff's claim is not moot, laches would still bar his requested relief.   The Defendants contend that the principles set forth in *Purcell*, *Benisek*, and *Perry* bar the Plaintiff's requested injunctive relief.   The City Defendants assert that the Plaintiff has failed to allege valid equal protection, denial of ballot access, due process, and municipal liability claims.   The City Defendants further assert that at a minimum Defendant Goodwin should be dismissed because the Plaintiff has failed to allege a cognizable claim against her.   They argue that the Plaintiff cannot establish a claim for monetary damages because courts have routinely held that monetary compensation is not available in election cases.   The City Defendants further argue that even if monetary damages were available, they were named in their official capacities and qualified immunity barred any claim for monetary damages.[13]   Lastly, Defendant Kanawha County Clerk's Office asserts that because this Court already denied the Plaintiff's requested injunctive relief and the amended complaint does not assert an independent cause of action against the Kanawha County Clerk's Office, it should be dismissed from this action.

---

[13] The City Defendants, citing *Biggs v. Meadows*, 66 F.3d 56 (4th Cir. 1995), indicate that Courts will construe a Plaintiff's request for monetary damages against government officials as an indication that suit was brought against those government officials in their personal capacities. However, here the Plaintiff has specifically named the Defendants in their official capacity.

The Plaintiff argues that his claim is not moot because he is seeking prospective relief as well as monetary damages, and that because his claim is not moot, the Court need not consider the "capable of repetition, yet evading review" exception. He further argues that laches is not applicable because although he filed on March 27, 2026, his FOIA request was not completed until March 18, 2026, and that he used the nine days thereafter to draft his "verified complaint with sixty-seven pages of exhibits, a fifteen-page TRO motion, and prepared four complete service packets, while functioning as a pro se single parent with no legal training." (Pl.'s Resp. at 10, citing Am. Compl. at ¶¶ 56-59.) The Plaintiff contends that *Purcell* does not authorize dismissal under Rule 12(b)(6) because it is "a doctrine governing the equities of preliminary injunctive relief, not the legal sufficiency of a complaint," and that even if it did bar the Plaintiff's requested injunctive relief, it is not applicable to his request for damages. (*Id.* at 14.) The Plaintiff further contends that he properly alleged valid equal protection, ballot-access, due process, and municipal liability claims. He asserts that he has properly alleged a claim against Defendant Goodwin because he alleged "particularized conduct. . . against the executive officer of the municipal entity," and that because he brought suit against Defendant Goodwin in her official capacity, it "is, in legal substance, a suit against the City, which is and remains a Defendant." (*Id.* at 19.) Lastly, he asserts that monetary damages are not barred by *Hutchinson v. Miller*, 797 F.2d 1279 (4th Cir. 1986), and that qualified immunity is not applicable given that Defendants Goodwin and Cary were named in their official capacities.

Accepting Plaintiff's factual allegations as true and assuming, without deciding, that they are sufficient to establish the Plaintiff's claims, the Plaintiff would still not be entitled to his requested relief. The Plaintiff seeks an injunction requiring that his name be placed on the ballot

for the May 12, 2026 primary election, and now also seeks nominal and compensatory damages, as well as pre- and post-judgment interest, attorney's fees, and costs.

As previously determined in this Court's *Memorandum Opinion* (Document 12), the Plaintiff is not entitled to his requested injunctive relief.   With the primary election now less than a week away, and early voting having already begun, the *Purcell* principle instructs against the issuance of an injunction.   *See Purcell v. Gonzalez*, 549 U.S. 1 (2006); *see also Pierce v. North Carolina State Bd. of Elections*, 97 F.4th 194, 226 (4th Cir. 2024) (explaining that under the *Purcell* principle, "federal courts ordinarily should not enjoin a state's election laws in the period close to an election" (quoting *Merill v. Milligan*, 142 S.Ct. 879, 879-80 (2022) (Kavanaugh, J., concurring)).   As previously explained in this Court's *Memorandum Opinion*, the election is fast approaching, and in many aspects, already underway, and at this late stage, any tinkering with the election would have disruptive consequences.   *See Pierce*, 97 F.4th at 226 (stating that "[l]ate judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others" (quoting *Milligan*, 142 S.Ct. at 880-81 (Kavanaugh, J., concurring))); *see also Purcell*, 549 U.S. at 4-5 (explaining that "[c]ourt orders affecting elections" could cause "voter confusion and consequent incentive to remain away from the polls").   As such, even if the Plaintiff's factual allegations sufficiently establish his claims, he could not receive his requested injunctive relief due to the timing of the election.[14]

---

[14] The Defendants assert that the Plaintiff's claim for injunctive relief is moot because he is no longer entitled to such relief given the timing of the election.   However, because the election has not yet passed, the Court finds that the *Purcell* principle is more relevant to the issue of timeliness than is mootness.

Turning to the Plaintiff's request for nominal and compensatory damages, he is not entitled to such damages.   The Plaintiff has named the City of Charleston,[15] as well as Defendants Miles Cary, II, and Amy Goodwin in their official capacities.[16]   Thus, any claim for damages against the Defendants is barred by their sovereign immunity under the Eleventh Amendment.[17]   *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (explaining that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court" and that the "bar remains in effect when State officials are sued for damages in their official capacity").

Because the Plaintiff is not legally entitled to any of his requested relief, his complaint must, therefore, be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Kanawha County Clerk's Office's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 21) and the *City of Charleston Defendants' Motion to Dismiss Plaintiff's*

---

[15] Although the Plaintiff also named the Kanawha County Clerk's Office, the Plaintiff does not appear to be seeking damages against it due to the Plaintiff's amended complaint stating that "[t]he Kanawha County Clerk's Office is joined as a necessary party pursuant to Federal Rule of Civil Procedure 19 for purposes of injunctive relief only." (Am. Compl.)   Regardless, even if the Plaintiff was seeking damages against the Kanwawha County Clerk's Office, the Plaintiff would not be entitled to such damages for the same reason the Plaintiff is not entitled to damages from the other Defendants.

[16] If the Plaintiff had not explicitly named the Defendants in their official capacities, the Court would have viewed the Plaintiff's request for nominal and compensatory damages as an "indication that suit has been brought against [the Defendants] personally" and would have considered whether they are entitled to qualified immunity. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) (explaining that "[w]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity").   However, given that the Defendants have been named in their official capacities, the Court finds no need to address whether they would be entitled to qualified immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (stating that government officials sued in their official capacities are not entitled to qualified immunity but may be entitled to sovereign immunity under the Eleventh Amendment).

[17] For the same reason, the Court also finds that the Plaintiff is not entitled to pre- and post-judgment interest, attorney's fees, and costs.   *See Graham*, 473 U.S. at 170.

*First Amended Verified Complaint* (Document 23) be **GRANTED**, that the *First Amended Verified Complaint* (Document 19) be **DISMISSED**, and that this matter be **REMOVED** from the Court's docket.

The Court further **ORDERS** that *Defendant Kanawha County Clerk's Office's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), or, in the Alternative, Response in Opposition Plaintiff's Emergency Motion for Temporary Restraining Order and Request for Preliminary Injunction* (Document 11) and the *City of Charleston Defendants' Motion to Dismiss* (Document 18), as well as any other pending motions, be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    May 6, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12